# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.*, JACQUELINE CLEMENTE, COLLIN DAVIES, MIA GORDON, KATHI KINDER, and MAUREEN SKINNER | * * * * * * | |
| PLAINTIFFS | * * | CASE NO. 4:16CV00875 SWW |
| V. | * * * | |
| LEAD TEACH MENTOR LLC; CURTISS ROBINSON; and VICKI ROBINSON | * * * | |
| DEFENDANTS | * * | |

## ORDER

Former employees of mental health counseling franchises commenced this qui tam action as relators for the United States, charging that the franchise owners and others submitted fraudulent insurance claims in violation of the False Claims Act ("FCA"). By order entered April 11, 2018, the Court dismissed claims against separate defendants Thriveworks Franchising LLC, Thriveworks, Inc., VIP Solutions LLC, and Anthony Centore. Now before the Court is a motion for summary judgment by the remaining defendants, Lead Teach Mentor LLC ("LTM") and Curtiss and Vicki Robinson. The time for filing a response has expired, and the plaintiffs have not responded. After careful consideration, and for reasons that follow, the motion for summary judgment is granted and claims against LTM and Curtiss and Vicki Robinson are dismissed with prejudice. LTM's counterclaims against Jacqueline Clemente, Collin Davies, and

1

Maureen Skinner remain outstanding. LTM is directed to file a status report, within five days from the entry of this order, stating whether it will proceed with these counterclaims.

I.

Defendant LTM is an Arkansas LLC owned by Curtiss and Vicki Robinson, who are husband and wife. LTM owns and operates Thriveworks counseling centers that offer mental health counseling services and receive insurance reimbursements, paid at least in part by the federal government. Plaintiffs are individuals who worked at LTM's Thriveworks counseling centers.

The FCA imposes a civil penalty for any person who "knowingly presents, or causes to be presented, [to a federal official] a false or fraudulent claim for payment or approval," or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim[.]" 31 U.S.C. § 3729(a)(1)(A)-(B). Plaintiffs charge that the defendants submitted fraudulent claims for government reimbursement by two means. First, they allege that defendants engaged in the corporate practice of medicine, in violation of the Arkansas Medical Corporation Act ("MCA") and submitted claims for insurance reimbursement without disclosing this noncompliance with Arkansas law.[1] Second, Plaintiffs claim that defendants submitted false claims for

---

[1] Plaintiffs' claim relies on a theory of liability known as "implied false certification," which holds that when a defendant submits a claim for payment, he or she impliedly certifies compliance with the conditions of payment. The Supreme Court has held that implied false certification may serve as the basis for FCA liability when "the defendant submits a claim for payment that makes specific representations about the goods and services provided, but knowingly fails to disclose the defendant's noncompliance with a statutory, regulatory, or contractual requirement." *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1999 (2016). Liability does not depend on whether the government has expressly designated that compliance with a legal requirement is a condition of payment. *See id.* "What matters is not the label the government attaches to a requirement but whether the

government reimbursement by billing for services that were never provided and submitted claims with erroneous billing codes.

## II.

Defendants move for summary judgment, asserting that (1) they did not engage in the practice of corporate medicine and were not required to comply with MCA licensing requirements and (2) Plaintiffs have no proof that Defendants submitted false claims.

**Corporate Practice of Medicine**

Plaintiffs allege that the defendants violated the MCA because Curtiss and Vicki Robinson owned and operated Thriveworks counseling centers and did not possess a license to practice psychology. Plaintiffs further charge that defendants submitted false claims for reimbursement from government-backed insurance programs by implicitly representing that the Thriveworks franchises were operating in accordance with Arkansas law.

The MCA permits one or more persons "licensed to practice medicine pursuant to the Arkansas Medical Practices Act" to associate to form a corporation "to own, operate, and maintain an establishment for the study, diagnosis, and treatment of human ailments and injuries, whether physical or mental, and to promote medical, surgical, and scientific research and knowledge." Ark. Code Ann. § 4-29-305(a). The MCA also provides that "medical or surgical treatment, consultation, or advice may be given by employees of the corporation only if they are licensed pursuant to the Arkansas Medical Practices Act[,]"

---

defendant knowingly violated a requirement that the defendant knows is material to the Government's payment decision." *Id*.

Ark. Code Ann. § 4-29-305(b), and all officers, directors, and shareholders of a corporation subject to the MCA "shall at all times be persons licensed pursuant to the Arkansas Medical Practices Act." Ark. Code Ann. § 4-29-307.

The MCA, by its plain language, applies to persons "licensed to practice medicine pursuant to the Arkansas Medical Practices Act." Ark. Code Ann. § 4-29-305(a). Defendants correctly note that Arkansas law defines the "practice of psychology" separately from "the practice of medicine." *Compare* Ark. Code Ann. § 17-95-202(3) (defining the "practice of medicine") *with* Ark. Code Ann. § 17-97-102(2)(defining the "practice of psychology"). Furthermore, the Arkansas Medical Practices Act sets forth licensing requirements for physicians, not psychologists.[2] Statutory provisions that are separate from the Arkansas Medical Practices Act govern the licensing and practice of psychologists and psychological examiners, with the intent that "the practice of psychology . . . should not infringe the practice of medicine." Ark. Code Ann. § 17-97-101.

Defendants present undisputed evidence that Thriveworks offers counseling and social work services and does not engage in the practice of medicine. Given these facts and statutory provisions that clearly distinguish the practice of psychology from the

---

[2] Title 17, Chapter 97 of the Arkansas Code, titled "Psychologists and Psychological Examiners" establishes a board of examiners and licensing requirements for psychologists. *See* Ark. Code. Ann. §§ 17-97-101 through 312. The Arkansas Medical Practices Act, on the other hand, appears in Subchapters 2, 3, and 4 of Title 17, Chapter 95 of the Arkansas Code, which is titled "Physicians and Surgeons." The Arkansas Medical Practices Act establishes the Arkansas State Medical Board and licensing requirements for graduates of a medical school who desire to practice medicine in the state. *See* § 17-95-403.

practice of medicine, the Court agrees that Defendants were not required to comply with MCA licensing requirements.

**False Claims**

To succeed with a claim under the FCA, a plaintiff must show (1) the defendant made a claim against the United States, (2) the claim was false or fraudulent, and (3) the defendant knew the claim was false or fraudulent. *See United States ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012)(quoting *United States v. Basin Elec. Power Coop.*, 248 F.3d 781, 803 (8th Cir.2001)). Here, Plaintiffs claim that Curtiss Robinson instructed or encouraged Thriveworks employees to inflate bills and reimbursement claims by various means.

Defendants present undisputed evidence that plaintiffs Maureen Skinner, Collin Davies, and Mia Gordon, who worked for Thriveworks as licensed psychological examiners or counselors, were parties to contracts with private insurance companies, which made them "providers," with the authority to bill for services and the obligation to ensure that billing was accurate and proper. With the complaint, the plaintiffs allege that Curtiss Robinson instructed them to implement fraudulent billing practices, but the plaintiff providers have denied following his instructions. Plaintiff Kathi Kinder, who worked for Thriveworks as a billing specialist, testifies that defendants never instructed her to change a bill without a provider's knowledge and that it was not possible to process a bill without the consent and signature of a provider. Defendants assert that if any false claims were submitted, a point that they do not concede, they were submitted by the plaintiff providers, not the defendants.

Plaintiffs have failed to come forward with any evidence that the remaining defendants submitted false claims or caused another person to do so.

## III.

Finding no issues for trial as to the plaintiffs' claims against Lead Teach Mentor LLC, Curtiss Robinson, and Vicki Robinson, the separate defendants' motion for summary judgment [ECF No. 54] is GRANTED, and the plaintiffs' claims are DISMISSED WITH PREJUDICE. Lead Teach Mentor LLC is directed to file a status report, within five days from the entry date of this order, stating whether it will proceed with the remaining counterclaims.

IT IS SO ORDERED THIS 20TH DAY OF MARCH, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE
