# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, JACQUELINE CLEMENTE, COLLIN DAVIES, MIA GORDON, KATHI KINDER, and MAUREEN SKINNER <br><br> PLAINTIFFS <br><br> V. <br><br> LEAD TEACH MENTOR LLC; CURTISS ROBINSON; and VICKI ROBINSON <br> DEFENDANTS | CASE NO. 4:16CV00875 SWW |

## ORDER

Before the Court is a motion for attorney's fees and costs [ECF Nos. 60, 61] by separate defendants Lead Teach Mentor LLC ("LTM") and Curtiss and Vicki Robinson ("the Robinsons"). The relators have filed a response in opposition [ECF No. 65] and separate defendants have replied [ECF No. 68]. After careful consideration, and for reasons that follow, the motion is granted in part and denied in part. The separate defendants are awarded $8,025.75 in attorney's fees and $2,172.70 in costs.

Former employees of mental health counseling franchises commenced this qui tam action as relators for the United States, charging that the franchise owners and others submitted fraudulent insurance claims in violation of the False Claims Act ("FCA"). The relators named defendants Thriveworks Franchising LLC, Thriveworks, Inc. and VIP Solutions LLC ("the Thriveworks Defendants"); Anthony Centore ("Centore"); LTM;

1

and the Robinsons. The Court dismissed claims against the Thriveworks Defendants and Centore under Fed. R. Civ. P. 12(b)(6) and later granted summary judgment in favor of LTM and the Robinsons. LTM and the Robinsons now seek an award of attorney's fees and costs, asserting that the relators had no proof to support their claims. According to the separate defendants, this case was merely "an effort by former employees to financially cripple Defendants to the benefit of their new employer, which is Defendants' competitor."[1]

The Court has discretion to award attorney's fees and expenses to a prevailing defendant in a qui tam action as follows:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). Legislative history indicates that Congress intended that the standard for awarding fees under § 3730(d)(4) correspond to the standard employed under 42 U.S.C. § 1988. *See* S. Rep. No. 99-345, at 29, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5294 ("This standard reflects that which is found in section 1988 of the Civil Rights Attorneys Fees Awards Act of 1976."). Although the Eighth Circuit has not parsed the standard for determining whether an FCA claim is "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment," it has observed that a court may award a prevailing defendant attorney fees in a Title VII action[2] only if the

---
[1] ECF No. 61, at 2.
[2] The standards for awarding attorney's fees under Title VII of the Civil Rights Act of 1974 and 42 U.S.C. § 1988 are the same. *See Bowers v. Kraft Foods Corp.*, 606 F.2d 816, 818 n.3 (8th Cir. 1979).

plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *See Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 994 (8th Cir. 2003)(quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694 (1978)). A complaint is frivolous where it lacks an arguable basis either in law or fact, and it lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989).

In this case, the relators charged that the defendants violated the FCA by two means: (1) impliedly certifying that they were operating the counseling centers in accordance with state and federal law and (2) knowingly presenting false claims for payment. The Court granted motions to dismiss by the Thriveworks Defendants and Centore, finding that the allegations against these defendants failed to meet particularity pleading requirement for fraud claims. In its order of dismissal, the Court noted the absence of factual allegations regarding the separate defendants' role in submitting false claims.

Subsequently, LTM and the Robinsons moved for summary judgment and submitted evidence showing that if any false claims were tendered, they were submitted by relators Skinner, Davies, and Gordon, who had the sole authority to bill for services and the obligation to ensure that billing was accurate and proper. Plaintiffs did not respond to the motion for summary judgment, and the Court found no issues for trial with respect to the charge that the defendants knowingly submitted false claims.

With respect to plaintiff's implied-certification claims, the separate defendants argued that the MCA applied to the practice of medicine, not psychology. After reviewing the relevant statutes, the Court found, as a matter of law, that the defendants were not required to comply with MCA licensing requirements.

After careful consideration, the Court finds that relators' claim that defendants knowingly submitted false claims for payment was without a factual basis. The allegations against the Thriveworks Defendants and Centore were entirely conclusory, and the relators' own testimony demonstrated that it was not possible that LTM or the Robinsons submitted false claims. When faced with the undisputed facts, rather than concede that a portion of their claims were without merit, the relators chose not to respond. The Court finds that the relators' claim that defendants knowing submitted false claims was entirely frivolous. On the other hand, the implied-certification claim was based on a plausible interpretation of Arkansas law. Because the Court finds that the implied-certification claim was not clearly frivolous, it also finds that LTM and the Robinsons are entitled to only a portion of their attorney's fees and costs.

The normal procedure used in calculating attorney fees is to compute the base "lodestar" figure by multiplying the number of hours reasonably expended by the reasonable hourly rates. *See Fish v. St. Cloud State University,* 295 F.3d 849, 851 (8th Cir. 2002)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983)). Counsel for separate defendants, Stephen B. Niswanger, has provided invoices listing the fees and expenses billed to his clients, which document a total $16,052.25 in attorney's fees—based on roughly 71.34 hours at an hourly rate of $225. While Plaintiffs argue that

4

the separate defendants are not entitled to a fee award because the claims against them were not frivolous, vexatious, or harassing in nature, they *do not* assert that Mr. Niswanger's hourly rate or hours expended are unreasonable.

By affidavit, Mr. Niswanger states that he has practiced law for approximately 23 years, specializing in commercial, business, and general litigation. The Court finds Mr. Niswanger to be an experienced attorney, who has demonstrated superior legal skills and advocacy in this case and that the requested hourly rate is well in line with the ordinary rate for similar work in this area.

The Court has reviewed the invoices for documentation of attorney hours expended. The information provided is sufficiently detailed, and the Court finds no excessive, redundant, or unnecessary time reported. However, because it is impossible to identify specific hours related to defending against plaintiffs' implied-certification claim, the Court will award fees for half of the hours billed, for a total fee award of $8,025.75—based on 35.67 hours at an hourly rate of $225.

Separate defendants submit a bill of costs totaling $2,172.70 for copies and fees of court reporters for transcripts that were obtained for use in the case. These items may be taxed as costs under 28 U.S.C. § 1920, and the Court finds that they are recoverable.

IT IS THEREFORE ORDERED that the motion for attorney's fees and costs [ECF No. 60] is GRANTED IN PART and DENIED IN PART as follows: Separate defendants Lead Teach Mentor LLC, Curtiss Robinson, and Vicki Robinson are awarded $8,025.75 in attorney's fees and $2,172.70 in costs pursuant to 31 U.S.C. § 3730(d)(4) and 28 U.S.C. § 1920.

IT IS SO ORDERED THIS 27TH DAY OF JUNE, 2019.

    /s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE